UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| Kelli McAllister, | CASE NO.: 5:21-cv-00123-TKW-MJF |
| Plaintiff, | |
| v. | |
| SAVAGE ARMS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT, SAVAGE ARMS, INC.

Now Comes Defendant, Savage Arms, Inc. ("Savage"), by and through counsel, in Answer to Plaintiff's Complaint ("Complaint"), admit, deny, and alleges as follows:

Jurisdiction and Venue

1.     Defendant admits that the parties are citizens of different states as alleged in the paragraph designated as "1" of plaintiff's Complaint with regard to jurisdiction in this Court. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning amount in controversy and refers all questions of law to this Honorable Court.

2.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated as "2" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

Parties

3.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated as "3" of plaintiff's Complaint.

4.   Defendant admits that it maintains a principal place of business in Westfield, Massachusetts. Defendant denies the legal conclusion concerning doing business in Florida as contained in the paragraph designated as "4" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

General Allegations

5.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated as "5" of plaintiff's Complaint.

6.   Defendant admits that it designs, tests and manufactures Savage Axis II rifles. Defendant denies the remaining allegations contained in the paragraph designated as "6" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

7.   Defendant denies the allegations contained in the paragraph designated as "7" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

8.   Defendant denies the allegations contained in the paragraph designated as "8" of plaintiff's Complaint and refers all questions of law to this Honorable Court. Defendant has not yet been given access to the rifle since the incident.

9.   Defendant denies the allegations contained in the paragraph designated as "9" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

10.  Defendant denies the allegations contained in the paragraph designated as "10" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

11.   Defendant admits that it provided a comprehensive instruction manual with Axis II rifle. Defendant denies the remaining allegations contained in the paragraph designated as "11" of plaintiff's Complaint and refers all questions of law to this Honorable Court.  Defendant has not been given access to the firearm and manual since the incident.

12.   Defendant denies the allegations contained in the paragraph designated as "12" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

13.   Defendant denies the allegations contained in the paragraph designated as "13" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

14.   Defendant denies the allegations contained in the paragraph designated as "14" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

15.   Defendant denies the allegations contained in the paragraph designated as "15" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

16.   Defendant denies the allegations contained in the paragraph designated as "16" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

17.   Defendant denies the allegations contained in the paragraph designated as "17" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

18.   Defendant denies the allegations contained in the paragraph designated as "18" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

19.   Defendant denies the allegations contained in the paragraph designated as "19" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

20.     Defendant denies that the subject Savage Axis II rifle contains any defect. Defendant further denies the remaining allegations contained in the paragraph designated as "20" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

21.     Defendant denies the allegations contained in the paragraph designated as "21" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

22.     Defendant denies the allegations contained in the paragraph designated as "22" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

23.     Defendant denies the allegations contained in the paragraph designated as "23" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

24.     Defendant denies the allegations contained in the paragraph designated as "24" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

25.     Defendant denies the allegations contained in the paragraph designated as "25" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

<u>COUNT I</u>
<u>DESIGN DEFECT</u>

 Defendant repeats, reiterates and re-alleges the responses to paragraphs "1" to "25" as if fully set forth herein.


26.     Defendant admits that it designs, tests and manufactures Savage Axis II rifles. Defendant denies the remaining allegations contained in the paragraph designated as "26" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

27.     Defendant denies the allegations contained in the paragraph designated as "27" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

28.     Defendant denies the allegations contained in the paragraph designated as "28" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

29.     Defendant denies the allegations contained in the paragraph designated as "29" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

30.     Defendant denies the allegations contained in the paragraph designated as "30" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

31.     Defendant denies the allegations contained in the paragraph designated as "31" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

32.     Defendant denies that the subject rifle or its safety were defective and further denies the remaining allegations contained in the paragraph designated as "32" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

33.     Defendant denies the allegations contained in the paragraph designated as "33" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

34.     Defendant denies the allegations contained in the paragraph designated as "34" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

35.     Defendant denies that the subject rifle or its safety were defective and further denies the remaining allegations contained in the paragraph designated as "35" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

36.     Defendant denies the allegations contained in the paragraph designated as "36" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

37.     Defendant denies the allegations contained in the paragraph designated as "37" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

<u>COUNT II</u>
<u>MANUFACTURING DEFECT</u>

38.    Defendant repeats, reiterates and re-alleges the responses to paragraphs "1" to "37" as if fully set forth herein.

39.    Defendant admits that it designs, tests and manufactures Savage Axis II rifles. Defendant denies the remaining allegations contained in the paragraph designated as "39" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

40.    Defendant denies the allegations contained in the paragraph designated as "40" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

41.    Defendant denies the allegations contained in the paragraph designated as "41" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

42.    Defendant denies the allegations contained in the paragraph designated as "42" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

43.    Defendant denies the allegations contained in the paragraph designated as "43" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

44.    Defendant denies the allegations contained in the paragraph designated as "44" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

45.    Defendant denies the allegations contained in the paragraph designated as "45" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

46.    Defendant denies the allegations contained in the paragraph designated as "46" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

47.     Defendant denies the allegations contained in the paragraph designated as "47" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

48.     Defendant denies the allegations contained in the paragraph designated as "48" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

49.     Defendant denies the allegations contained in the paragraph designated as "49" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

50.     Defendant denies the allegations contained in the paragraph designated as "50" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

## COUNT III (MISLABELED II)
## NEGLIGENCE

51.     Defendant repeats, reiterates and re-alleges the responses to paragraphs "1" to "50" as if fully set forth herein.

52.     Defendant denies that the Axis II rifle was defective and further denies breach of any duty owed to plaintiff. Defendant further denies the remaining allegations contained in the paragraph designated as "52" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

53.     Defendant denies the allegations contained in the paragraph designated as "53" of plaintiff's Complaint, including sub-sections (a - p) and refers all questions of law to this Honorable Court.

54.     Defendant denies the allegations contained in the paragraph designated as "54" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

55.     Defendant denies the allegations contained in the paragraph designated as "55" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

COUNT IV (MISLABELED III)<br>NEGLIGENT FAILURE TO WARN

56.     Defendant repeats, reiterates and re-alleges the responses to paragraphs "1" to "55" as if fully set forth herein.

57.     Defendant denies that the Axis II rifle was defective and further denies the remaining allegations contained in the paragraph designated as "57" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

58.     Defendant denies the allegations contained in the paragraph designated as "58" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

59.     Defendant denies that the Axis II rifle was defective and further denies breach of any duty to warn owed to plaintiff. Defendant further denies the remaining allegations contained in the paragraph designated as "59" of plaintiff's Complaint (including sub-paragraphs a -g) and refers all questions of law to this Honorable Court.

60.     Defendant denies that the Axis II rifle was defective and further denies breach of any duty to warn owed to plaintiff. Defendant further denies the remaining allegations contained in the paragraph designated as "60" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

61.     Defendant denies that the Axis II rifle was defective and further denies breach of any duty to warn owed to plaintiff. Defendant further denies the remaining allegations contained in the

paragraph designated as "61" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

62.     Defendant denies that the Axis II rifle was defective and further denies breach of any duty to warn owed to plaintiff. Defendant further denies the remaining allegations contained in the paragraph designated as "62" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

63.     Defendant denies the allegations contained in the paragraph designated as "63" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

64.     Defendant denies that the Axis II rifle was defective and further denies the remaining allegations contained in the paragraph designated as "64" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

65.     Defendant denies the allegations contained in the paragraph designated as "65" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

66.     Defendant denies the allegations contained in the paragraph designated as "66" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

67.     Defendant denies the allegations contained in the paragraph designated as "67" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

<u>COUNT V (MISLABELED AS IV)</u>
<u>BREACH OF EXPRESS WARRANTY</u>

68.     Defendant repeats, reiterates and re-alleges the responses to paragraphs "1" to "67" as if fully set forth herein.

69.     Defendant denies that the Axis II rifle was defective and further denies the remaining allegations contained in the paragraph designated as "69" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

70.     Defendant denies the allegations contained in the paragraph designated as "70" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

71.     Defendant denies making any misrepresentations regarding the Axis II rifle and further denies the remaining the allegations contained in the paragraph designated as "71" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

72.     Defendant denies the allegations contained in the paragraph designated as "72" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

73.     Defendant denies the allegations contained in the paragraph designated as "73" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

74.     Defendant denies the allegations contained in the paragraph designated as "74" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

COUNT VI (MISLABELED V)
BREACH OF IMPLIED WARRANTY - MERCHANTABILITY

75.     Defendant repeats, reiterates and re-alleges the responses to paragraphs "1" to "74" as if fully set forth herein.

76.     Defendant denies the allegations contained in the paragraph designated as "76" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

77.     Defendant denies that the Axis II rifle was defective and further denies the remaining allegations contained in the paragraph designated as "77" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

78.     Defendant denies the allegations contained in the paragraph designated as "78" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

79.     Defendant denies the allegations contained in the paragraph designated as "79" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

**COUNT VII (MISLABELED VI)**
**BREACH OF IMPLIED WARRANTY – FITNESS**

80.     Defendant repeats, reiterates and re-alleges the responses to paragraphs "1" to "79" as if fully set forth herein.

81.     Defendant denies the allegations contained in the paragraph designated as "81" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

82.     Defendant denies that it breached any warranties and further denies the allegations contained in the paragraph designated as "82" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

83.     Defendant denies the allegations contained in the paragraph designated as "83" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

**COUNT VIII (MISLABELED VII)**
**INTENTIONAL MISREPRESENTATION**

84.     Defendant repeats, reiterates and re-alleges the responses to paragraphs "1" to "83" as if fully set forth herein.

85.     Defendant denies the allegations contained in the paragraph designated as "85" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

86.     Defendant denies the allegations contained in the paragraph designated as "86" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

87.     Defendant denies the allegations contained in the paragraph designated as "87" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

88.     Defendant denies making any false statements concerning the Axis II rifle and further denies the remaining allegations contained in the paragraph designated as "88" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

89.     Defendant denies the allegations contained in the paragraph designated as "89" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

90.     Defendant denies the allegations contained in the paragraph designated as "90" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

91.     Defendant denies the allegations contained in the paragraph designated as "91" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

<u>COUNT IX (MISLABELED VIII)</u>
<u>RECKLESS AND WANTON MISREPRESENTATION</u>

92.     Defendant repeats, reiterates and re-alleges the responses to paragraphs "1" to "91" as if fully set forth herein.

93.     Defendant denies the allegations contained in the paragraph designated as "93" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

94.     Defendant denies making any false statements concerning the Axis II rifle and further denies the remaining allegations contained in the paragraph designated as "94" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

95.     Defendant denies the allegations contained in the paragraph designated as "95" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

96.     Defendant denies the allegations contained in the paragraph designated as "96" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

97.     Defendant denies the allegations contained in the paragraph designated as "97" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

98.     Defendant denies the allegations contained in the paragraph designated as "98" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

99.     Defendant denies the allegations contained in the paragraph designated as "99" of plaintiff's Complaint and refers all questions of law to this Honorable Court.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Plaintiff's Complaint fails to state a cause of action for which relief can be granted.

### AS AND FOR A SECOND SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Plaintiff's damages, to the extent any have occurred, are due to the fault, acts, or omissions of parties and third parties beyond the control of Defendant, and are not due to the fault, acts or omissions of Defendant.

### AS AND FOR A THIRD SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Plaintiff's damages, to the extent any have occurred, are due to failure of plaintiff to mitigate damages.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Defendant pleads the defense of abnormal use, misuse and/or use of the product in a manner that it was not intended.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

Defendant pleads the defense of assumption of risk.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

Defendant pleads the defense of no proximate cause, including, but not limited to, plaintiff's failure to follow instructions or heed warnings as being the sole proximate cause of their injuries/damages.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

That the product which forms the subject of this lawsuit was materially altered by the plaintiff and/or by others after it left the control of the Defendant and over whom this answering Defendant exercised neither direction nor control and such alteration was the cause of the damages of which the plaintiff complains.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

The answering Defendant hereby demands that its liability, which Defendant specifically denies, be limited to the equitable share of the answering Defendant in accordance with the relative culpability of each person causing or contributing to the total liability.

**AS AND FOR A NINTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

Defendant pleads the defense of comparative fault or negligence.

**AS AND FOR A TENTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

Upon information and belief, all or part of the cost of plaintiff's medical care, loss of earnings or other economic loss may have been paid, replaced or indemnified in whole or in part from

collateral sources or with reasonable certainty, will be replaced or indemnified in the future from such collateral sources and to that extent, this Defendant requests that in the event plaintiff recovers any judgment herein, that such amounts as have been or may be recovered in whole or in part from collateral sources as defined by state law to be determined by the Court and the amounts plaintiff recovers be reduced by said amounts.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

That any injuries alleged to have been sustained by the plaintiff herein were not caused by reason of any fault or negligence whatsoever or even any action on the part of this answering Defendant, but any such injuries were occasioned solely by other intervening and superseding causes.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The design of the subject product was consistent with the "state of the art" at the time of its design.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Plaintiff's claims are barred, in whole or in part, because the product was not defective in design or formulation because the harm for which plaintiffs seek to recover compensatory damages was caused by inherent characteristics of the product which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the consumer of this specialized product. The product at issue is an inherently dangerous product.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Plaintiff's breach of warranty claims are barred as plaintiff failed to meet all prerequisites and/or conditions precedent, including written notice, as required by Florida law.

### AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Plaintiff's claims for non-economic damages are subject to statutory "caps."

### AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Defendant denies that the product in question was in any way defective or hazardous and avers that said product was in all respects properly designed, manufactured, distributed, supplied, tested, inspected and/or sold.  This product departed Defendant's control equipped with all elements necessary to make it safe and contained no elements making it unsafe and properly equipped with all the necessary warnings and instructions for correct and safe use, operation, maintenance, and repair and servicing.

### AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Defendant alleges that the negligence of the Plaintiff and/or a third party exceeds that of Defendant, if any, and that the Plaintiff is thereby barred from any recovery.

### AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Plaintiff's claims are barred, in whole or in part, because there was no feasible mechanism or devices available at the time the product was manufactured and/or distributed which would have prevented the subject incident.

**AS AND FOR A NINETEENTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

Plaintiff failed to name a party necessary for full and adequate relief essential in this action.

**AS AND FOR A TWENTIETH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

Defendant had no duty to warn of any alleged danger of this products' operation where such danger was open and obvious to all persons of ordinary intelligence and experience, including Plaintiff.

**AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

That the subject product in question was not being used for its ordinary and intended use and thus the injury was unforeseeable.

**AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

A manufacturer, distributor, and/or seller have no duty to warn of patent or obvious dangers.

**AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

Plaintiff voluntarily assumed the risk by personally knowing and appreciating the risk or danger created by the alleged defect, encountering the risk while realizing the danger, and the decision to voluntarily assume the known risk was unreasonable.

**AS AND FOR A TWENTY-FOURTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

Plaintiff was aware of or should have appreciated and should have been aware of the proper and safe use of the product manufactured and distributed by Defendant with which the Plaintiff allegedly came in contact.

### AS AND FOR A TWENTY-FIFTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The claims in the complaint are barred or limited by the doctrines of estoppel, waiver, release, and/or license.

### AS AND FOR A TWENTY-SIXTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Any award of punitive damages is barred by statute, or would otherwise be unconstitutional under applicable constitutional protection, including being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States.

### AS AND FOR A TWENTY-SEVENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The claims as plead herein are barred by the pertinent statute of limitations, statute of repose and/or the doctrine of laches.

### AS AND FOR A TWENTY-EIGHTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Plaintiff cannot recover punitive damages against Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Constitution of the United States (The United States Constitution"), unless Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

### AS AND FOR A TWENTY-NINTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Defendant would show that Stacey McAllister, a non-party, may have committed acts of negligence which were the proximate cause, in whole or in part, of the Plaintiff's alleged injuries.

Defendant will seek to add Stacey McAllister as a non-party to verdict form in compliance with *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993).

## AS AND FOR A THIRTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Plaintiff failed to provide Defendant with reasonable notice of its alleged breach of warranty with regard to the subject product, and as such, those claims are barred.

## AS AND FOR A THIRTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Defendant effectively excluded and limited any warranties.

## AS AND FOR A THIRTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Defendant hereby incorporates by reference those affirmative defenses enumerated in the applicable Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of court to amend this Answer to specifically assert any such defense. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant demands a trial by jury on all issues appropriate for the jury to consider.

WHEREFORE, Defendant respectfully prays for judgment against Plaintiff as follows:

(1) Enter judgment on all counts of the Complaint in its favor against Plaintiff;

(2) Dismiss the Complaint with prejudice;

(3) That Plaintiff takes nothing by virtue of this Complaint;

(4) That Defendant recover attorneys' fees and/or costs by way of statute or rule; and

(5) Further relief that the Court deems just, equitable, and proper.

Dated: Pensacola, Florida
       August 22, 2021

                                KUBICKI DRAPER, P.A.

                          By:   */s/ Stephen M. Cozart*
                                Stephen M. Cozart, Esq.
                                Fla. Bar No. 148873
                                125 West Romana Street, Suite 550
                                Pensacola, Florida 32502
                                (850) 434-0003
                                (850) 434-0223 (fax)
                                smc@kubickidraper.com

                                PISCIOTTI LALLIS ERDREICH
                                Anthony Pisciotti
                                Danny Lallis
                                30 Columbia Turnpike, Suite 205
                                Florham Park, New Jersey 07932
                                T - 973-245-8100
                                F – 973-24508101
                                Apisciotti@pisciotti.com
                                dlallis@pisciotti.com

                                *Attorneys for Defendant*
                                *Savage Arms, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following persons by filing with the ECF system, this 23rd day of August, 2021:

Matthew G. Harmon, Esq.
M. Todd Wheeles, Esq.
Luke M. Trammell, Esq.
Clay Hornsby, Esq.
Morris Haynes
3500 Colonnade Pkwy, Suite 100
Birmingham, AL 35243
mgarmon@mhhlaw.net
twheeles@mhhlaw.net
ltrammell@mhhlaw.net
chornsby@mhhlaw.net

By:  /s/ Stephen M. Cozart
Stephen M. Cozart, Esq.