IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| KELLI McALLISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 5:21-cv-00123-TKW-MJF |
| | ) |
| SAVAGE ARMS INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S BILL OF COSTS

Kelli McAllister, pursuant to Rule 54 of the *Federal Rules of Civil Procedure* and local rule 54.2, objects to Savage's Bill of Costs as follows:

### SAVAGE'S ATTEMPT TO RECOVER COSTS IN THIS MATTER SHOULD BE DENIED

The Eleventh Circuit allows a district court to deny costs if the district court has and states "a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038–39 (11th Cir.2000). Circuits have used the following factors when weighing whether to award costs in a case: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. And, according to Wright and Miller, courts also deny costs if

1

"the losing party prosecuted the action in good faith." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (internal citations omitted). 10 Fed. Prac. & Proc. Civ. § 2668 (4th ed. 2008). An evaluation of these factors shows that the Court should exercise its broad discretion and deny Savage Arms' motion for costs.

As the Court acknowledged throughout the trial and following the jury verdict, the issues in this case were extremely close. The Plaintiff, her experts, and counsel reasonably believed there was an issue with the safety of the subject rifle. There is no contention that this lawsuit was frivolous or brought in bad faith. The good faith of the Plaintiffs combined with the closeness and complexity of the issues in this matter is strong justification for the Court to rule that the parties should bear their own costs in this matter.

If the closeness and complexity of the issues is not enough on its own, the benefit conferred to the public also weighs in favor of having the parties bear their own costs. As Savage admitted during the trial, there is no overarching regulation of the firearm industry. The only remedy when someone is injured by a defective firearm is a lawsuit. As Plaintiff's counsel reiterated throughout the case, this lawsuit was about the need to make safer firearms. The only reliable way for that to occur is if companies like Savage are forced to examine their design and manufacturing processes through civil lawsuits. Here, Savage had already approved a fix for the safety issue present in the subject but chose not to implement it for over eighteen months while it used up the old screws. Allowing a Defendant to recover costs under these facts will have an

unhealthy colling effect on future claims.

## EVEN IF THE SAVAGE'S COSTS ARE NOT DUE TO BE DENIED IN THEIR ENTIRETY, SEVERAL COSTS ARE OBJECTIONABLE

In the event the Court chooses not to deny Savage's costs entirely, several of the claimed costs are improper. First, Savage's claim for copying costs is due to be denied. "The party seeking to recover copy costs. . . bears the burden of demonstrating the copies "'were necessary and provided either to the court or to the opposing party.' " *Richardson v. Oswalt*, No. 7:17-CV-01873-LSC, 2019 WL 6117608, at *4 (N.D. Ala. Nov. 18, 2019) (quoting *Grady v. Bunzi Packaging Supply Co.*, 161 F.R.D. 477, 479 (N.D. Ga. 1995)). "[C]osts for copies may be denied where the documentation is not sufficient for the court to determine the use or intended use of the copies." *Crouch*, 2013 WL 203408 (S.D. Ala. January 17, 2013) at *21 (citing *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)) (costs denied because the plaintiff "did not present required evidence regarding the documents copied including their use or intended use"). The only justification Savage provided for its copy charges is a heavily redacted document that does not state what was copied or how those copies were used. Savage has not met its burden regarding copy costs and all claimed copying costs are due to be denied.

Similarly, Savage has not met its burden regarding deposition costs. Here, Savage attempts to recover for both video and traditional stenographic transcripts. The case law in this circuit makes clear that "when 'reimbursement for both methods of

recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Schalamar Creek Mobile Homeowner's Ass'n, Inc. v. Adler*, 2021 WL 6617451, at *9 (M.D. Fla. Dec. 7, 2021). Savage does not justify why it should be reimbursed for both transcript forms. Further, it should not be allowed to be reimbursed at all for the deposition cost of its corporate representative, Ronald Contorno, as he was an active participant in the litigation. *See: Scallet v. Rosenblum*, 176 F.R.D. 522, 527 (W.D.Va.1997) (refusing to tax deposition costs for witness who was "an active party in the litigation").

Finally, Savage miscalculated the statutory fees allowed for Contorno and Brundage's testimony. 28 U.S.C. § 1821 sets the limit for witness fees at $40 per day. It is undisputed that Dave Brundage testified for less than ½ of one day and that Ronald Contorno testified on the afternoon of day one of trial and the morning of day two. Therefore, if the Plaintiff is forced to bear these costs, their statutory witness fees should be $40 and $80 respectively. The fact that Brundage chose to stay in Pensacola more than the one day required for his testimony or that Savage's counsel decided to keep Mr. Contorno in Pensacola for the duration of the trial does not entitle Savage to witness fees in excess of the time required for the witness's respective testimony.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court require each party to bear its on costs in this matter. If the Court forces Plaintiff to bear Savage's

costs, that the total must be reduced to $12,145.78 because of Savage's statutory miscalculations and failure to meet its required burden of justification as explained above and more particularly calculated as follows:

### I. Subpoena Fees

| Nature of Cost | Amount Allowed in Bill of Costs |
|---|---|
| Subpoena for Deposition of Travis Williams | $75.00 |
|  | *Subtotal: $75.00* |

### II. Deposition Transcripts

| Nature of Cost | Amount Allowed in Bill of Costs |
|---|---|
| Printed deposition transcript of Kelli McAllister | $848.60 |
| Deposition transcript of Stacey McAllister | $1,020.20 |
| Deposition transcript of Parker Hu MD | $398.61 |
| Deposition transcript of Drew Nelson | $522.15 |
| Printed deposition transcript of Matthew Oost | $246.50 |
| Deposition transcript of Adam Pitts | $407.88 |
| Printed and electronic deposition transcript of Pary Sumlar | $318.27 |
| Deposition transcript of William Munsell | $1,421.40 |

| | |
|---|---|
| Deposition transcript of Josiah McFarland | $407.88 |
| Deposition transcript of Steven Hall | $539.33 |
| Deposition transcript of Lorne Smith Jr. | $435.69 |
| Deposition transcript of David Brundage | $636.03 |
| Deposition transcript of Travis Williams | $870.80 |
| Deposition transcript of Leslie Gillespie | $1,094.00 |
| Deposition transcript of Dr. Harper | $896.00 |
| Deposition transcript of Derek Watkins | $703.33 |
| Deposition transcript of Rick Bonci | $356.19 |
| | *Subtotal: $11,122.86* |

## III.    Witness Fees

| Nature of Cost | Date Incurred | Cost Formula | Amount Sought in Bill of Costs |
|---|---|---|---|
| Ronald Contorno attendance | 3/4/2024 - 3/5/2024 | $40 per day for 2 days | $80.00 |
| Rick Bonci attendance | 3/5/2024 | $40 per day for 1 day | $40.00 |
| Derek Watkins attendance | 3/7/2024 | $40 per day for 1 day | $40.00 |
| Derek Watkins mileage | 3/4/2024, 3/8/2024 | 1,176 miles at $0.67 per mile | $787.92 |
| David Brundage attendance | 3/7/2024 | $40 per day for 1 day | $40.00 |
| | | | *Subtotal: $947.92* |

6

## **WORD COUNT CERTIFICATION**

In accordance with Rule 7.1(F) of the Local Rules for the United States District Court for the Northern District of Florida, the wordcount for this document is 1,210.


/s/ *Luke M. Trammell*
Luke M. Trammell (Admitted Pro Hac Vice)
**MORRIS HAYNES**
3500 Blue Lake Drive, Suite 200
Birmingham, Alabama 35243
T: 205-324-4008
E: ltrammell@mhhlaw.net

/s/ *M. Todd Wheeles*
M. Todd Wheeles (Admitted Pro Hac Vice)
Matthew G. Garmon (Fla. Bar No. 121519)
**WHEELES-GARMON**
5000 Southlake Park, Suite 150
Hoover, Alabama 35244
Office: (205) 988-9253
Email:
Todd@wheelesgarmonattorneys.com
Matt@wheelesgarmonattorneys.com

*Attorneys for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 28th day of March 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send electronic notification to all counsel of record as follows:

Anthony M. Pisciotti
Danny C. Lallis
Pisciotti Lallis Erdreich
30 Columbia Turnpike, Suite 205
Florham Park, NJ  07932
apisciotti@pisciotti.com
dlallis@pisciotti.com

Steve Cozart, Esq.
Kubicki Draper, PA
125 West Romana St, Suite 550
Pensacola, FL  32502
smc@kubickidraper.com

                                              /s/ Luke M. Trammell
                                              Of Counsel